IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cornell W. Adley #70110-004, ) | Case No. 2:15-cv-3558-JMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| B.J. Meeks, Warden ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| _____) | |

Cornell Wendell Adley ("Petitioner") is a prisoner at F.C.I. Williamsburg in Salters, South Carolina and has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (DE# 1). He is proceeding *pro se* and *in forma pauperis*. This matter was referred to the Magistrate Judge for review. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review petitions and submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **dismissed** without prejudice for the following reasons:

I.  Background

In Petitioner's criminal case, the United States charged twenty-two counts against five defendants in a superseding indictment. The defendants were accused of committing a series of violent crimes, including armed robberies and home invasions, in order to raise money to purchase a large quantity of drugs to resell at a profit. See S.D.Fla. Case No. 03-CR-20678. They received a jury trial. The jury convicted Petitioner and his co-defendants of various charges,

including conspiracy to possess with intent to distribute cocaine, conspiracy to commit Hobbes Act robbery, and conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime and to possess a firearm in furtherance of such a crime.

On March 28, 2005, the United States District Court for the Southern District of Florida sentenced Petitioner to 387 months imprisonment. On direct appeal, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence (and the convictions of his co-defendants) on April 10, 2007. *United States v. Brown*, 227 F.App'x 795, 2007 WL 1053499 (11th Cir. 2007) ("we affirm the convictions and sentences of Adley, Brown, Herron, Horne, and Williams").[1]

On May 20, 2008, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The United States District Court for the Southern District of Florida denied the motion on April 1, 2009. On appeal, the Eleventh Circuit Court of Appeals granted a certificate of appealability and affirmed the denial of § 2255 relief. *Adley v. United States*, 374 F.App'x 891, 2010 WL 1141059 (11th Cir.), *cert. denied*, 560 U.S. 978 (2010). The Court of Appeals held that defendant failed to demonstrate the requisite prejudice by showing that the outcome of his trial would have been different but for trial counsel's alleged ineffectiveness.

Petitioner indicates that on July 5, 2010, he sought leave to file a successive § 2255 motion. (DE# 1-1 at 2). The Eleventh Circuit Court of Appeals denied such request on July 23, 2010, concluding that the decision of the Supreme Court of the United States in *Johnson v. United States*, 559 U.S. 133 (2010) (holding that a prior battery conviction under Florida law was not a "violent felony" under the ACCA) was not retroactively applicable to cases on collateral review. Petitioner has attached a copy of such Order to the instant petition. (DE# 1-2 at 1).

---

[1] Co-defendant Herron challenged his 365-month sentence on appeal. The Eleventh Circuit Court of Appeals observed that such "sentence was substantially less than the statutory maximum of life imprisonment." *Id*. at *8. Plaintiff was sentenced to 387 months, less than the statutory maximum of life imprisonment.

On September 15, 2010, Petitioner filed a petition pursuant to 28 U.S.C. § 2241. He challenged his sentencing enhancement as a career offender, alleging in his own words that he "is Actually Innocent of being a career offender under 4B1.1 given that the Prior Conviction used to enhanced [sic] his sentence is no longer a valid 'predicate offense[;]' [t]hus making the Sentence petitioner received for a nonexistent offense un-constitutional." See D.S.C. Case No. 8:10-cv-2391-JMC-BHH, DE# 1 at 6.[2] He asserted that his prior felony conviction for "Battery on a Law Enforcement Officer" no longer constituted a "violent predicate for career offender purposes." (*Id*. at 10). The Magistrate Judge entered a Report and Recommendation, explaining:

> The claims raised in this action, however, are not proper grounds for a habeas petition filed pursuant to § 2241. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole … computation of good time or jail time credits … prison disciplinary actions … or imprisonment allegedly beyond the expiration of a sentence … "[A] prisoner who challenges his federal conviction or sentence … must proceed under 28 U.S.C. § 2255" … The fact that a § 2255 action may be untimely or successive does not render a § 2255 remedy inadequate or ineffective…. the petitioner's available judicial remedy was to seek leave from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion to vacate. The petitioner pursued this remedy, albeit not successfully… The petitioner's actual innocence claim is facially inadequate to require consideration by this district court because the petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charges for which he was convicted. See *Schlup v. Delo*, 513 U.S. 298, 324 (1995) ... Nothing in this case presents more than an allegation of actual innocence of an enhanced sentence — not the actual innocence of the underlying criminal convictions.

---

[2] 28 U.S.C. § 2241 grants federal courts the power to grant writs of habeas corpus in "the district wherein the restraint complained of is had."§ 2241(a). The "district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." *United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008).

(*Id*., DE# 10 at 4-6). The District Judge agreed and adopted the Report and Recommendation. The Petitioner's § 2241 petition was dismissed without prejudice and without service of process. (*Id*., DE# 12, Order). *See Adley v. Owen*, 2010 WL 3951907 (D.S.C. October 8, 2010).

On August 31, 2015, Petitioner filed the instant § 2241 petition. See D.S.C. Case No. 2:15-cv-3558-JMC-MGB, DE# 1. Petitioner indicates he is again attempting to challenge the validity of his sentence enhancement "as a Career Offender." (*Id*. at 7, ¶ 13). He points to the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process). Based on this recent Supreme Court decision, Petitioner asserts that "the issue that I'm raising couldn't have been raised earlier." (*Id*., ¶10(c)). He seeks resentencing without the "Career Offender Enhancement."[3]

III. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr*., 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

---

[3] For clarity's sake, the Magistrate Judge notes that the Petitioner's earlier request for permission to file a successive § 2255 motion was based on a different Supreme Court case (which was also captioned "*Johnson v. United States*).

*De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### B. Analysis

Although Petitioner is attempting to bring his claims in a § 2241 petition, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). "Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence." *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015). A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *In re Vial*, 115 F.3d at 1194 n.5. A prisoner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 "savings clause," which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention' ") (quoting 28 U.S.C. § 2255(e)), *cert. denied*, 135 S.Ct. 990 (2015); *Surratt*, 797 F.3d at 251 ("§ 2255(e)'s text does not permit Surratt to raise his claim under § 2241").

The Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to show that a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Surratt*, 797 F.3d at 247 (quoting *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). In *Surratt*, the Fourth Circuit Court of Appeals explained that "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." *Id*.

The Fourth Circuit Court of Appeals has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, *Surratt*, 797 F.3d at 247, and does not extend to petitioners who only challenge sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (holding that district court properly determined that petitioner could not challenge career offender enhancement under § 2241); *Farrow v. Revell*,

541 F. App'x 327 (4th Cir. 2013) (holding that petitioner's challenge to an ACCA sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). Actual innocence "means factual innocence, not mere legal insufficiency." *Surratt*, 797 F.3d at 250 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).[4]

In the instant petition, Petitioner challenges the legal classification of a predicate offense used to enhance his sentence, which "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to provide relief under the savings clause. *Surratt*, 797 F.3d at 250. The Fourth Circuit Court of Appeals has observed that "[t]o say that a petitioner can be actually innocent of a sentencing enhancement, rather than an element of the actual crime, would require a great deal of both verbal and logical gymnastics." *Id.* at 249 (quoting *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1334 n. 3 (11th Cir. 2013)). As noted in *Surratt*, the Supreme Court "has not said that conduct is rendered 'lawful' merely because the penalty for it is reduced." *Id.* (citing *Schriro v. Summerlin*, 542 U.S. 348, 354 (2004)).

While the United States Supreme Court recently held that the residual clause of the ACCA is unconstitutionally vague, *see Johnson*, 135 S. Ct. at 2551, such decision did not make the conduct for which the instant Petitioner was convicted "non-criminal." Under Fourth Circuit precedent, Petitioner is unable to satisfy § 2255's savings clause to seek relief under § 2241 based on such Supreme Court decision. *Surratt*, 797 F.3d at 24; *and see e.g., Swanson v. Zych*, Case No. 7:15-cv-398, 2015 WL 5307999, *1 (W.D. Va. Sept. 10, 2015) ("Because the [2015] *Johnson* decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241.").

---

[4] The present case is a sentencing guidelines case and does not involve an issue of the appropriate statutory maximum sentence. Hence, the language in *Surratt* suggesting that "a sentence imposed above the proper statutory maximum might present another instance of an unlawful sentence" is not implicated here. *Surratt*, 797 F.3d at 255. "Courts largely have not recognized an 'illegal' detention—one that would trigger the savings clause—where the defendant challenges a sentence within the correct statutory maximum." *Id.*

Moreover, the United States Supreme Court has not indicated that its 2015 *Johnson* decision is retroactively applicable to cases on collateral review. This Court could address the merits of a claim on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015) only if the United States Supreme Court had expressly indicated that such decision applied retroactively. *See, e.g., Turner v. Wilson*, Case No. 2:14-cv-597, 2015 WL 6693079 (E.D.Va. October 28, 2015) ("Any retroactivity determination must be made by the U.S. Supreme Court) (citing *Tyler v. Cain*, 533 U.S. 656, 662 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

Research reflects an emerging split of authority among the federal circuits on the question of whether the 2015 *Johnson* decision in retroactive. *See e.g., In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) (denying certification under § 2255(h)(2) and holding that the Supreme Court's 2015 *Johnson* decision had not been made retroactive); *In re Rivero*, 797 F.3d 986 (11th Cir. 2015) (denying certification because "*Johnson* has not been made retroactive to cases on collateral review by the Supreme Court"); *Pakala v. United States*, No. 15-1799, 2015 WL 6158150 (1st Cir. Oct. 20, 2015) (granting leave to file a successive § 2255 motion in ACCA case based on the United States Supreme Court's 2015 *Johnson* decision); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (same).

Petitioner does not assert a viable claim under § 2241, and this Court lacks jurisdiction to reach the merits of his alleged claim. Binding precedent in this circuit provides that this § 2241 petition must be dismissed. "If a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the unauthorized habeas motion . . . for lack of jurisdiction." *Surratt*, 797 F.3d at 247(finding that a prisoner whose life sentence was based on improperly-characterized predicate convictions could not obtain relief

under § 2241) (quoting *Rice*, 617 F.3d at 807). As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to dismissal. *Id*. at 268. In light of the circuit split on the whether to allow a successive § 2255 motion (based on the Supreme Court's 2015 *Johnson* decision), the dismissal of the present § 2241 petition should be without prejudice to the Petitioner's ability to request permission in the sentencing court to file a successive § 2255 motion (based on the 2015 *Johnson* decision).

IV.   Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return.[5]

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 13, 2015
Charleston, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] If this recommendation is adopted, the Clerk of Court is directed to send a copy of this Report and Recommendation and the District Judge's Order to the Federal Public Defender ("FPD"). The FPD may then evaluate whether the Supreme Court's 2015 *Johnson* decision regarding the residual clause of the Armed Career Criminal Act may entitle the Petitioner to assistance of counsel to review his sentence for relief. See Standing Order, No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015) (authorizing the FPD to contact defendants impacted by the 2015 *Johnson* decision, and if the defendant consents, to proceed to seek relief limited to that issue only).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).